JAMES B. McCORMICK, Appellant, v. JOHN R. McDONALD *et al.*, Respondents.

St. Louis Court of Appeals, April 7, 1897.

Deeds of Trust: TENDER OF PAYMENT UPON CONDITION OF RELEASE OF DEEDS UPON RECORD: SALE: INJUNCTION. An injunction will not be granted to restrain a foreclosure sale under deeds of trust, upon an allegation of tender of payment confessedly made on condition that defendant first release its deeds of trust upon the record.

*Appeal from the St. Louis City Circuit Court.*—HON. THOMAS A. RUSSELL, Judge.

AFFIRMED; Judge BLAND concurring, Judge BIGGS dissenting.

*Howe & Howe* for appellant.

Plaintiff was a borrower within the meaning of the statute, which provides that a "borrower may repay his loan at any time." R. S. 1889, sec. 2813; By-Laws of Ass'n, sec. 13.

Tender is an offer to pay a debt or to perform a duty. Bliss on Code Pl., sec. 364. See, also, Ander-

son's Law Dict.; 25 Am. and Eng. Ency. Law, 897; *Bertholo v. Reyburn*, 37 Mo. 586; *Ulrici v. Papin*, 11 *Id*. 42; *Deichmann v. Deichmann*, 49 *Id*. 107; *Adams v. Helm*, 55 Mo. 468; *Lee v. Dodd*, 20 Mo. App.

When a petition to set aside a foreclosure sale and redeem the property shows a case in which it is necessary to take an account of the rents, etc., and contains an offer to pay whatever is due on the property, a tender before suit is not required, nor need the plaintiff bring any money into court until the amount due is ascertained. *Kline v. Vogel*, 90 Mo. 239. See, also, *Harwood v. Diemer*, 41 Mo. App. 49; *Henderson v. Cass Co.*, 107 Mo. 50; *Harper v. Rosenberger*, 56 Mo. App. 388; 25 Am. and Eng. Ency. Law, 904, and citations.

Where a check is refused not because of the form of tender, but because of a refusal to accept the agreement upon which the tender is made, a tender in specie is waived. *Walsh v. Exposition*, 101 Mo. 534. See, also, 25 Am. and Eng. Ency. Law, 900, and citations; Defendant's By-Laws, etc.

*Valle Reyburn* for respondents.

The action of defendants in presenting their demurrer orally to plaintiff's amended petition, by objecting to the introduction of any evidence in its support, upon the ground that it failed to state any cause of action, is in accordance with the practice approved by this court. *Hatten v. Randall*, 48 Mo. App. 203; *Andrews v. Lynch*, 27 Mo. 167; *Young v Iron Co.*, 103 Mo. 327.

The trial court properly sustained the demurrer of defendants, and its ruling in excluding any evidence, because the petition failed to state facts constituting any cause of action, should be affirmed. Bliss' Code

Pl. [3 Ed.], sec. 413; Maxwell's Code Pl., pp. 366, 374; Fitnam's Tr. Proc., p. 569, sec. 472.

BOND, J.—This is an appeal from the refusal of the trial court to set aside a nonsuit with leave taken after a ruling sustaining an objection to the introduction of any testimony for failure of the petition to state a cause of action. The petition need not be recited in full. It alleges that plaintiff is a stockholder and borrower in a building and loan association; that as such he became indebted to defendant for two loans, one in April, 1887, the other in 1889, in the respective sums of $4,320 and $480; that to secure this indebtedness he gave two deeds of trust on his real estate and pledged his shares of stock in the defendant corporation; that he has paid on such indebtedness $3,533; that the balance due does not exceed $2,500. The petition alleges a tender of this sum, stating that plaintiff "had made all the arrangements to procure the money by a loan to be secured by said property by a first and prior deed of trust on same; that in order to be enabled to make said first and prior deed of trust to secure the loan last mentioned, this plaintiff offered to the defendants and each of them to pay the full amount due as aforesaid on the said two loans made to him as aforesaid by defendant corporation, and demanded that they should then and there release the said deeds of trust in order that he might be enabled to execute the said first deed of trust to secure the new loan for which he had arranged as aforesaid; plaintiff says that defendants and each of them refused to accept said amount of money due by him to said defendant corporation, tendered as aforesaid, although the plaintiff was then and there able, ready and willing, and offered to pay the same as above stated, and the defendants refused to receive said sum due, and still refuse to

receive payment of said sum or to release said deed of trust." It further alleges that the trustee in the deeds of trust given to secure the indebtedness to defendant, has made advertisement for sale thereunder, according to the terms of the instruments. It asks for an injunction against such sale and for general relief.

When the objection to any evidence under this petition was introduced, the plaintiff admitted in open court that the tender alleged in his petition

DEEDS of trust: tender of payment upon condition of release upon record: sale: injunction.

was made "*upon the condition that defendants first release its deed of trust upon the record.*" Upon the statements of the petition, as construed by this admission, the ruling of the trial court excluding any testimony was manifestly correct. There is no possible theory upon which plaintiff would have the right to demand a release of his mortgage or deed of trust, before making payment or tender of the secured indebtedness. Yet the language of the petition as interpreted by the admission of plaintiff is that plaintiff's cause of action depends upon his right to exact a release of his deed of trust given to secure an admitted indebtedness, *before* any tender or payment of such sum. Obviously no court could enforce such a demand. If defendants were willing to release the real estate security held by them, in order to enable plaintiff to use it to borrow money from other parties with which to pay the secured indebtedness, they were at liberty to do so, but no suit or action to compel them to part with their security in advance of payment or tender of the secured indebtedness due them could be maintained. The result is that the judgment will be affirmed.

Judge BLAND concurs.    Judge BIGGS dissents.